Thomas M. JACKOVICS, Plaintiff,

v.

Louis A. KASNER et al., Defendants.

No. 68 Civ. 236.

United States District Court
S. D. New York.

Dec. 15, 1969.

———◆———

Burlingham, Underwood, Wright, White & Lord, New York City, for plaintiff.

Fogarty & Nielsen, New York City, for defendant Louis Kasner.

Cymrot, Wolin & Simon, New York City, for defendant Hairslip.

Michael J. Begun, New York City, for defendant Victory Container.

## MEMORANDUM

FRANKEL, District Judge.

Plaintiff sued the two defendants under the diversity jurisdiction for alleged injuries and property damage arising out of a collision involving his vehicle and two others. The evidence made it fairly plain that plaintiff was entitled to recover *something*. As the proofs developed, however, it also seemed highly likely that the consequences of the accident had been (fortunately for all in all respects save possibly the forensic) of modest proportions. Plaintiff mustered some rather pallid testimony (surely to be ranked among the least persuasive instances in what some have thought a field for exaggeration) about "whiplash" effects. The jury, after a trial extending over two days, returned a verdict of $1540 to cover $40 in medical expenses, pain and suffering.

Defendant Kasner, who was successful on a small crossclaim for damage to his vehicle, now moves under Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1332(b)

(1) to set aside the award of costs to plaintiff, and

(2) for recovery of his (Kasner's) own costs in the amount of $117.65

As his central ground for opposing the motion, plaintiff's counsel points out that it was he, not plaintiff, who chose the forum. But, of course, this is always the case. However much the practice of law may seem manageable by anyone using only "common sense," questions of jurisdiction remain among the professional specialties for which court and litigants alike must rely upon the members of our bar.

Accordingly, if counsel's point were deemed weighty, the prophylactic purposes of provisions like those here in question would deserve to be ignored altogether.

In light of the practical and professional realities, it is regrettable that counsel chooses also to announce his firm purpose to bring more suits like this one to the federal court. For it seems clear that the case was so exceedingly marginal that plaintiff was put to disproportionate risk of (1) dismissal for want of jurisdiction or, (2) much more probably, the ruling on costs which is herewith issued. In light of the wispy evidence for plaintiff, the jury was by no means ungenerous. The court deems this a clear occasion for the exercise of discretion against the plaintiff in the service of an enactment "aimed at deterring the assertion of an inflated claim in order to bring the action in the district court." 1 Moore's Federal Practice 821 (2d ed. 1964).

Therefore, the motion of defendant Kasner is in all respects granted. The award of costs to plaintiff will be vacated and Kasner will receive his costs in the amount of $117.65 from plaintiff.

It is so ordered.